UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA CONTRACTORS LICENSING
SERVICE, INC.

CIVIL ACTION

VERSUS

NO. 12-560-JJB-RLB

AMERICAN CONTRACTORS EXAM
SERVICES, INC.

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the defendant American Contractors Exam Services, Inc.'s Motion (doc. 25) for Summary Judgment. The plaintiff Louisiana Contractors Licensing Service, Inc. filed an opposition to the motion. (Doc. 30). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS** the defendant American Contractors Exam Services, Inc.'s Motion (doc. 25) for Summary Judgment.

**Background**

Louisiana Contractors Licensing Service, Inc. is a Louisiana corporation "that prepared contractors for . . . state licensing exams," including the Louisiana state licensing exam. (Doc. 1, p. 2). Similarly, American Contractors Exam Services, Inc. is a Tennessee corporation that prepares contractors for state licensing exams, including the Louisiana exam. *Id.* The plaintiff alleges that it "has been using copyrighted sample exam questions in relation to [its] business since at least as early as 1993." *Id.* In January 2003, the plaintiff copyrighted the following banks and study guides: (1) Computer Item Bank for Business Law Study Guide [Certificate No. TXu1-145-826], (2) Computer Item Bank for Residential Study Guide [Certificate No. TXu1-114-029], and (3) Computer Item Bank for Building Construction Guide [Certificate No. TXu1-082-366]. *Id.*

1

As early as 2009, the plaintiff alleges that the defendant began using these copyrighted sample exam questions in the course of its business. *Id.* According to the factual allegations, the plaintiff never authorized the defendant to "reproduce, publish, distribute copies of, publicly perform, display, or prepare derivative works based on all or any portion of any of the plaintiff's copyrighted sample exam questions." (Doc. 1, p. 3). The plaintiff alleges that it "has been, and still is today, the owner and proprietors of all rights, title and interest in the copyrighted sample exam questions." *Id.* As a result of the defendant's alleged use, the plaintiff filed the pending lawsuit, claiming that the defendant deliberately and willfully infringed on the plaintiff's copyright, in violation of 17 U.S.C. § 101 et seq.

The defendant filed the pending motion for summary judgment, wherein it initially claimed that the plaintiff could not establish the essential elements of a prima facie case of copyright infringement. (Doc. 25). At the time of filing the motion, the defendant claimed that it had not been supplied with the actual copyrighted questions. Nevertheless, upon receiving a copy of the questions from the U.S. Copyright Office on December 13, 2013, counsel for Louisiana Contractors Licensing Service, Inc. delivered a copy of those questions to the defendant. (Doc. 30, p. 5–6). In its opposition, the plaintiff highlighted this disclosure and asserted that there are 14 copyrighted questions that are identical to questions used by the defendant, except for the fact that the defendant used fill-in-the-blank questions, whereas the plaintiff utilized multiple choice questions. The plaintiff included an attachment that juxtaposes these 14 questions. (Doc. 30-5, p. 1-14).

The defendant devotes a large portion of its reply to arguing that this Court should not consider the late evidence submitted by the plaintiff. The defendant argues that the deadline to complete discovery was October 1, 2013, but the plaintiff failed to disclose the entirety of the

copyrighted materials, including the relevant questions, until December 16, 2013 and without seeking an extension from this Court. (*See* doc. 31, p. 5–6). Yet, the defendant acknowledges that counsel for the plaintiff corresponded on August 23, 2013 and stated that he would request a copy of the copyrighted material directly from the U.S. Copyright Office. There does not appear to be a contention that the plaintiff failed to actually request the documents on August 28, 2013. (*See* doc. 30, p. 5).

Nonetheless, even if the Court were to consider the late-filed evidence, the defendant argues that there are only 12 identical questions, as there is at least one duplicative question and another question is dissimilar based on the difference between "pitch" and "slope." (*See* doc. 30-5, p. 4; doc. 31, p. 14–16). The defendant goes on to argue that even considering the materials, there is no copyright infringement as the defendant used a different style of questions—fill-in-the-blank as opposed to multiple choice—and the questions deal with common issues, facts, and concepts "that any person preparing contractors for a licensing exam [would] go over." (Doc. 31, p. 17). The defendant further claims that even if there was unauthorized use, that unauthorized use would be *de minimis*, as it would amount to only approximately 13 questions out of 1,083 copyrighted, multiple-choice sample questions. (Doc. 31, p. 17–18). Finally, the defendant avers that any allegedly unauthorized use by the defendant would be subject to the fair use doctrine, which is codified in 17 U.S.C. § 107 (Doc. 31, p. 19).

**Analysis**

1.  Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial.

When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2.   Consideration of Late-Filed Evidence

First and foremost, this Court must determine whether it will consider the late-filed evidence. In its reply, the defendant argues that "[t]he Court should disregard [the] sample exam

4

questions because they were produced too late." (Doc. 31, p. 5). Nevertheless, based on review, this Court will consider the late-filed evidence in ruling on the motion for summary judgment. While it appears the plaintiff did disclose the complete set of copyrighted questions over two months after the deadline to complete discovery, the plaintiff avers that he made the request for the documents to the U.S. Copyright Office on August 28, 2013, and the defendant does nothing to dispute this point. (Doc. 30, p. 5). It appears the plaintiff did not receive the requested complete set of copyrighted questions until December 13, 2013, and thereafter, disclosed those documents to the defendant.

Furthermore, the plaintiff avers that he disclosed the disputed questions to the defendant's previous counsel in October 8, 2012 and provides documentary support for the proposition. (Doc. 34-1, p. 1). Also, based on the deposition of Irelan Queen from July 12, 2013, it appears that plaintiff's counsel asks Ms. Queen about the specific questions that the plaintiff alleges were copied by the defendant. Considering all of the facts as presented, the Court is unconvinced that the defendant is unduly prejudiced by the consideration of the late-filed evidence. Accordingly, this Court has considered the late-filed sample questions in making this ruling on the defendant's motion for summary judgment.

3. Copyright Infringement Claim and *De Minimis* Violation

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). The Fifth Circuit previously provided the process to analyze the second element of a copyright infringement claim:

> Two separate inquiries must be made to determine whether actionable copying has occurred. The first question is whether the alleged infringer copied, or

"actually used the copyrighted material in his own work." Copying can be proven by direct or circumstantial evidence. Circumstantial evidence may support an inference of copying if the defendant had access to the copyrighted work and there is "probative similarity" between the copyrighted work and the allegedly infringing work.

The second question is whether "substantial similarity" exists between the copyrighted work and the allegedly infringing work. To answer this question, "a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'"

*Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 576 (5th Cir. 2003) (internal citations omitted).

"[I]n making this factual determination, a layman must detect piracy 'without any aid or suggestion or critical analysis by others.'" *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 398 (5th Cir. 2001). "The reaction of the public in the matter should be spontaneous and immediate." *Id.* (citing *Harold Lloyd Corp. v. Witwer*, 65 F.2d 1, 18 (9th Cir. 1933); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.03[E][1][a], at 13–79 (2000)).

Among the defenses provided, the defendant claims that, even assuming the questions were copied and are "identical," the infringement is *de minimis*, and thus, "cannot lead to a finding of substantial similarity." (Doc. 31, p. 19). "The *de minimis* doctrine provides that if unauthorized copying is sufficiently trivial, 'the law will not impose legal consequences.'" *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 639 (S.D. Tex. 2007) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172–73 (2d Cir. 2001). Stated in another way, "[f]or an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement." *Newton v. Diamond*, 388 F.3d 1189, 1192–93 (9th Cir. 2003). "This means that even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial." *Id.* at 1193 (citing *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.03 [A], at 13–30.2). "To establish that an infringement is quantitatively *de*

*minimis* and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity.'" *Parker v. Dufresne*, 781 F. Supp. 2d 379, 383–84 (W.D. La. 2011) (quoting *Straus*, 484 F. Supp. 2d at 639). "The principle that trivial copying does not constitute actionable infringement has long been a part of copyright law." *Newton*, 388 F.3d at 1193.

In *Newton*, the Ninth Circuit Court of Appeals looked at the *de minimis* issue. 388 F. 3d 1189. James W. Newton, the plaintiff in the case, composed the song "Choir," and he subsequently copyrighted both the sound recording and the underlying composition. *Id.* at 1190–91. Later, the "Beastie Boys obtained a license . . . to use portions of the sound recording of 'Choir' in various renditions of their song 'Pass the Mic.'" *Id.* at 1191. In "Pass the Mic," the Beastie Boys used a portion of "Choir" consisting "of three notes, C—D flat—C, sung over a background C note played on the flute." *Id.* Specifically, the "Beastie Boys digitally sampled the opening six seconds of Newton's sound recording of 'Choir.'" *Id.* at 1192. The "Beastie Boys repeated or 'looped' this six-second sample as a background element throughout 'Pass the Mic,' so that it appears over forty times in various renditions of the song." *Id.* Nevertheless, despite obtaining a license to use portions of the sound record, the Beastie Boys failed to obtain a license to use the underlying composition. *Id.* at 1191 As a result of their use of the portion of "Choir, Mr. Newton sued the Beastie Boys, alleging that they violated his copyright.

In *Newton*, the Ninth Circuit stated that "[t]he high degree of similarity between the works . . . but the limited scope of the copying, place [the plaintiff's] claim for infringement into the class of cases that allege what [Melville B.] Nimmer refers to as 'fragmented literal similarity.'" *Id.* at 1195. As the Ninth Circuit went on to state:

> Fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's

overall essence or structure. Because the degree of similarity is high in such cases, the dispositive question is whether the copying goes to trivial or substantial elements. Substantiality is measured by considering the qualitative and quantitative significance of the copied portion in relation to the plaintiff's work as a whole. This focus on the sample's relation to the plaintiff's work as a whole embodies the fundamental question in any infringement action, as expressed more than 150 years ago by Justice Story: whether "so much is taken[ ] that the value of the original is sensibly diminished, or the labors of the original author are substantially to an injurious extent appropriated by another." Courts also focus on the relationship to the plaintiff's work because a contrary rule that measured the significance of the copied segment in the defendant's work would allow an unscrupulous defendant to copy large or qualitatively significant portions of another's work and escape liability by burying them beneath non-infringing material in the defendant's own work, even where the average audience might recognize the appropriation.

*Id.* (internal citations omitted).

In looking at the specific facts of *Newton*, the Ninth Circuit found that "no reasonable juror could find the sampled portion of the composition to be a quantitatively or qualitatively significant portion of the composition as a whole." *Id.* Specifically, the three-note sequence appeared only once in the plaintiff's original composition, and it only comprised six seconds, or approximately two percent, of the entire composition. *Id.* at 1195–96. Additionally, the composition was not qualitatively significant because the section used by the Beastie Boys was "no more significant than any other section" in the original composition. *Id.* at 1196. Furthermore, the sampled section did "not represent the heart or the hook of the 'Choir' composition, but rather [was] 'simple, minimal and insignificant.'" *Id.* Based on the court's review, it found that "[t]he copying was not significant enough to constitute infringement," and thus, the district court's grant of summary judgment was appropriate.

For purposes of this *de minimis* evaluation, the Court will assume that 14 questions have actually been copied by the defendant in order to look at the evidence in the light most favorable

for the plaintiff.[1] The plaintiff alleges and produces evidence that the defendant copied 14 questions, so the Court will assume that all 14 questions have been copied from the plaintiff's copyrighted materials in order to evaluate the *de minimis* issue at the summary judgment stage. (*See* doc. 30-5, p. 1–14).

Based on the uncontroverted evidence, there are approximately 1,083 multiple-choice questions in the plaintiff's copyrighted materials. (Doc. 31-2, p. 1). Accordingly, even assuming 14 questions were copied from the overall work, that would be approximately 1.3% of the total questions in the copyrighted material.[2] This is even smaller than the 2% copying at issue in the *Newton* case, which the Ninth Circuit found was not quantitatively significant. Additionally, there is no indication, allegation, or argument that the 14 questions were any more significant than the 1,069 other questions in the copyrighted materials. These were not summary questions or "wrap up" questions, but rather, each question allegedly copied was merely another question in the overall mass of 1,083 copyrighted questions. There is no evidence even suggesting that these questions were essential to the overall work. Rather, all of the evidence indicates that these questions were merely an insignificant few in the overall mass. Furthermore, the evidence shows that these questions were not unique, but rather, appear to be standard questions and concepts in the contractor testing and test–preparation business. (*See* Doc. 25-9; doc. 30-4, p. 3–7). Accordingly, the Court finds that the relevant questions are a "simple, minimal, and insignificant" portion of the entire copyrighted material. *Newton*, 388 F.3d at 1196. Accordingly, looking at the evidence in the light most favorable to the plaintiff, this Court finds that there are

---

[1] This is despite evidence that one question is duplicative and one question concerns a different topic. Seemingly, there are only 12 questions at issue in the present case, but the Court will nevertheless look at the evidence in the most favorable light for the plaintiff. Furthermore, this assumption disregards the potential distinction that the plaintiff's questions are multiple choice, whereas the defendant's questions are fill in the blank.
[2] This percentage is more likely 1.1–1.2%, in light of the duplicated question and question concerning a separate topic.

9

no genuine issues of material fact, and judgment must be awarded in favor of the defendant as a matter of law. Based on this Court's review, any alleged copying in this case cannot be deemed anything more than *de minimis*, and thus, not actionable copying.

### Conclusion

Therefore, the Court **GRANTS** the defendant American Contractors Exam Services, Inc.'s Motion (doc. 25) for Summary Judgment. As a result, the plaintiff's copyright infringement claim is **DISMISSED**.

Signed in Baton Rouge, Louisiana, on April 7, 2014.

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

10