UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA CONTRACTORS LICENSING
SERVICE, INC.

VERSUS

AMERICAN CONTRACTORS EXAM
SERVICES, INC.

CIVIL ACTION

NO. 12-560-JJB-RLB

**RULING ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on the defendant American Contractors Exam Services, Inc.'s Motion (rec. doc. 40) for Attorney Fees. The plaintiff opposes the motion (rec. doc. 42).

On September 11, 2012, the plaintiff Louisiana Contractors Licensing Service, Inc. commenced this copyright infringement action against the defendant American Contractors Exam Services, Inc. The plaintiff alleged that the defendant reproduced copyrighted exam questions that the plaintiff used in its business of training contractors for state licensing exams. Subsequently, on April 7, 2014, the Court granted the defendant's motion for summary judgment and found that any alleged copying in this case was *de minimis*, and thus, not actionable copying. Rec. doc. 38. Accordingly, the Court dismissed the plaintiff's copyright infringement claim against the defendant. Thereafter, the defendant filed the pending motion for attorney's fees, seeking to recover reasonable attorney's fees pursuant to Section 505 of the Copyright Act of 1976. Rec. doc. 40.

Section 505 of the Copyright Act of 1976 provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. "Unlike such fees in other contexts, those awarded pursuant to § 505 are 'the rule rather than the exception and should be awarded routinely.'" *Ramirez v. Nichols*, 496 F.App'x 383, 386 (quoting *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994)). Nonetheless, the prevailing party is not automatically entitled to recover attorney's fees. *Virgin Records America, Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997)). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty*, 510 U.S. at 534. The Supreme Court provided that courts could consider the following non-exclusive factors in making their determination: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)) (internal quotation marks omitted). Courts must apply the factors in a manner that is "faithful to the purposes of the Copyright Act and . . . applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.*

Based on the facts of this case, the Court finds that an award of attorney's fees to the defendant is appropriate. First, the plaintiff failed to present sufficient evidence to make out an actionable claim of copyright infringement, as any allegedly unauthorized use by the defendant amounted to a *de minimis* infringement. Second, the Court finds that this case was objectively unreasonable, based on the prevailing *de minimis* doctrine and the insignificant number of allegedly copied questions. Moreover, there is at least some evidence that the suit may have been filed in an attempt to drive the defendant's out of the Louisiana market, as opposed to an honest attempt to protect the plaintiff's copyrights. *See* rec. doc. 30-3, p. 2. Finally, the Court finds that

granting the defendant's motion for attorney's fees would advance the considerations of compensation and deterrence, as the award encourages defendants to challenge meritless copyright claims brought against them as opposed to settling such claims.

Next, the Court must determine the amount of such an award of attorney's fees. After reviewing the relevant briefings and the total amount of attorney's fees, as well as the lack of any opposition by the plaintiff as to the amount, the Court agrees with the defendant's reasoning and awards attorney's fees in the total amount of $48,259.33. *See* rec. doc. 40.

Therefore, the Court **GRANTS** the defendant's Motion (rec. doc. 40) for Attorney Fees and awards such fees in the total amount of $48,259.33.

Signed in Baton Rouge, Louisiana, on July 10, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**